GRACE C. STEPHENSON,

        Plaintiff,

        Case No. 23-cv-272-pp

v.

CHILDREN'S HOSPITAL OF WISCONSIN,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 14), DECLINING TO RULE ON PLAINTIFF'S MOTION/REQUEST FOR TEXT ONLY ORDER (DKT. NO. 18), DENYING PLAINTIFF'S MOTION FOR SUBPOENA—EXPERT WITNESS (DKT. NO. 21), DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND AMENDED MOTION FOR SUMMARY JUDGMENT (DKT. NOS. 24, 25, 42), DENYING PLAINTIFF'S MOTION FOR ORDER (DKT. NO. 39) AND DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**

      On April 21, 2023, the defendant filed a motion to dismiss for failure to state a claim and lack of subject-matter jurisdiction. Dkt. No. 14. Subsequently, the plaintiff filed a motion for text only order (Dkt. No. 18), a motion to appoint expert witness (Dkt. No. 21), a motion for summary judgment (Dkt. No. 24), an amended motion for summary judgment (Dkt. No. 25), a motion for order, (Dkt. No. 39) and another motion for summary judgment (Dkt. No. 42). This order grants the defendant's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 14), denies the plaintiff's various motions as moot (Dkt. Nos. 18, 21, 24, 25, 39, 42) and dismisses the case without prejudice.

1

I.    **Complaint**

On February 28, 2023, the plaintiff—representing herself—filed a complaint against Children's Hospital of Wisconsin. Dkt. No. 1. Under "Statement of Claim," the plaintiff wrote, "Children's Hospital of Wisconsin Physicians Primary Care Provider, David B. Tick, MD Attending Requesting Consult, Charles P. Bergstrom, MD, Ronald K. Wood, MD PHD." Id. at 2. The plaintiff then wrote, "[n]egligence committed by the medical professionals involved in the primary care, consult, pre-op, surgery, CICU, and post-op care of Christina Johnson, Hart Organ Patient."[1] Id. at 2-3. The plaintiff continued,

> Heart organ Patient.
> Post diagnosis,
> Brain Injury—Catastrophic Intra Cranial Bleed
> Coagulopathy—Nonstoppage of drug use Aspirin
> Pro-longed Cardio Pulmonary By Pass
> Pro-Longed use of Paralytic Drug (obstruction of monitoring resulted)
> Damage of additional organs
>
> 3/3/2020-2/7/2020 During Orthotopic Heart Transplant process—Children's Hospital of Wisconsin 9000 W. Wisconsin Avenue, Wauwatosa, WI 53226
>
>  Why the neglect?

Id. at 3.

For relief, the plaintiff seeks

> Yes, $4 Million Dollars is for the damages, resulting in the WRONGFUL DEATH of patient, CHRISTINA H. JOHNSON. In addition, the defendants should be accountable for giving a public apology for all the pain and suffering caused.

---

[1] The complaint did not describe her relation to Christina Johnson. The plaintiff's subsequent filings reveal that Christina Johnson is the plaintiff's now-deceased daughter. Dkt. Nos. 9 at 5, 19 at 1.

Id. at 4.

When identifying the parties, the plaintiff indicated that she and the defendant are both citizens of Wisconsin. Id. at 1-2. Under "jurisdiction," the plaintiff checked a box next to, "I am suing for a violation of federal law under 28 U.S.C. §1331." Id. at 4.

**II.   The Defendant's Motion to Dismiss (Dkt. No. 14)**

Citing Federal Rules of Civil Procedure 12(b)(1) and (6), the defendant asks the court to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted Dkt. No. 14. Because the court agrees that it does not have subject-matter jurisdiction, it will not address whether the plaintiff has failed to state a claim upon which relief may be granted.

   A.   Legal Standard

"While state courts are courts of general jurisdiction—essentially open to all comers on all matters—federal courts are courts of limited jurisdiction." E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc., 3 F.4th 954, 957 (7th Cir. 2021). As courts of limited jurisdiction, federal courts have subject matter jurisdiction in two primary categories of cases: 1) those raising issues of federal law ("federal question" jurisdiction under 28 U.S.C. §1331) and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00 ("diversity" jurisdiction under 28 U.S.C. §1332). A plaintiff properly invokes §1331 federal question jurisdiction when she pleads a colorable claim arising under the

3

Constitution or the laws of the United States. "The well-pleaded rule requires that a federal question be 'apparent on the face' of the complaint." Hero v. Lake Cnty. Election Bd., 42 F.4th 768, 775 (7th Cir. 2022) (quoting Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013)). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §1332(a). In other words, diversity jurisdiction, under §1332 exists where "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." Page v. Democratic Nat'l Comm., 2 F.4th 630, 636 (7th Cir. 2021) (citing Wis. Dep't of Corr. v. Schact, 524 U.S. 381, 288 (1998)).

     Rule 12(b)(1) allows a defendant to assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. Bultasa Buddhist Temple of Chi. v. Nielsen, 878 F.3d 570, 573 (7th Cir. 2017). In evaluating a challenge to subject-matter jurisdiction, the court first must determine whether the movant has raised a factual or a facial challenge. Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge contends that "there is in fact no subject matter jurisdiction," even if the pleadings are formally sufficient. Id. (internal quotation and citation omitted). In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject-matter jurisdiction exists. Id. In contrast, a facial challenge argues that the plaintiff has not sufficiently "alleged

4

a basis of subject matter jurisdiction." Id. (internal quotation and citation omitted). In reviewing a facial challenge, "the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." Id.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). And because subject-matter jurisdiction involves a federal court's power to decide a case, "it "can never be forfeited or waived." Id. (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). See also Ware v. Best Buy Stores, L.P., 6 F.4th 726, 731 (7th Cir. 2021) ("'Subject-matter jurisdiction is the first issue in any case[,]' *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019)[,]" and "'we have an independent obligation to determine that jurisdictional requirements are satisfied[,]' *Knopick v. Jayco, Inc.*, 895 F.3d 525, 528 (7th Cir. 2018).").

B.  Analysis

The defendant has raised a facial challenge to this court's subject-matter jurisdiction over the plaintiff's claim. Dkt. No. 15 at 2-4. The court will "accept all well-pleaded factual allegations [contained in the plaintiff's complaint] as true and draw all reasonable inferences in favor of the plaintiff." Silha, 807 F.3d at 173. Applying this standard, the court determines that it lacks subject-matter jurisdiction over the plaintiff's claim under either §1332 or §1331.

First, the plaintiff's complaint does not allege diversity jurisdiction under §1332. The complaint indicates that the plaintiff and the defendant both are citizens of Wisconsin. Because the plaintiff and the defendant are citizens of the same state, the court does not have diversity jurisdiction. See Page, 2 F.4th at 636; 28 U.S.C. §1332.

Second, the facts alleged in the complaint are not sufficient to demonstrate that the court has federal question jurisdiction. The complaint does not cite to a federal statute or a federal constitutional provision that she believes the defendant violated. Dkt. No. 1. As best the court can tell, the plaintiff could be trying to allege one or more of three possible claims: negligence, medical malpractice or wrongful death. All three of these causes of action are state-law causes of action. See Webber v. Armslist LLC, 70 F.4th 945, 958 (7th Cir. 2023) ("A negligence claim under Wisconsin law consists of four elements: duty, breach, causation, and damages."); Wis. Stat. §655.007 ("[A]ny patient or the patient's representative having a claim or any spouse, parent, minor sibling or child of the patient having a derivative claim for injury or death on account of malpractice is subject to this chapter."); Schmidt v. Fuiks, 796 F. App'x 316, 317 (7th Cir. 2020) ("Here, the cores of [the plaintiff's] claims—alleging fraud, negligence, and medical malpractice—all arise under state, not federal law."); Webber, 70 F.4th at 965 ("Wrongful death actions in Wisconsin require an underlying wrongful act, neglect or default. WIS. STAT. § 895.03 . . . ."). Because the only possible claims the plaintiff can assert arise

6

under *state*, not *federal*, law, the court does not have federal question subject-matter jurisdiction under §1331.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because this federal court lacks subject-matter jurisdiction over the plaintiff's claims, it must dismiss the plaintiff's case without prejudice. See Lennon v. City of Carmel, Ind., 865 F.3d 503, 509 (7th Cir. 2017) ("When a district court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice. This is because a dismissal with prejudice . . . operates as a disposition on the merits, which a court without the power to hear a case may not issue.") (internal citation omitted).

### III. The Plaintiff's Pending Motions

As noted above, the plaintiff has filed various motions with this court that are still pending. Dkt. Nos. 18 (Motion/Request for Text Only Order); 21 (Motion for Subpoena—Expert Witness); 24 (Motion for Summary Judgment); 25 (Amended Motion for Summary Judgment); 39 (Motion to Judge for a Decision or Order Ruling); and 42 (Motion for Summary Judgment). Because this federal court does not have subject-matter jurisdiction over the plaintiff's claims, it does not have the authority to rule on these motions. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000) (noting "that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act" and that "[o]nce it appears, as it has here, that subject matter jurisdiction is lacking, only one path lies open to us"); Craig v. Ontario Corp., 543 F.3d 872,

7

875 (7th Cir. 2008) ("Subject-matter jurisdiction is *so central to the district court's power to issue any orders whatsoever* that it may be inquired into at any time, with or without a motion, by any party or by the court itself." (emphasis added)).

Although the court does not have the authority to rule on the plaintiff's pending motions, it notes that even if it did have subject-matter jurisdiction, it would have denied the motions as unnecessary or premature. The plaintiff's motion/request for a text only order mentions the "answer received from defendant, 4/24/2023," dkt. no. 18, but the defendant did not file an answer—it filed a motion to dismiss. Regardless, the court received several documents from the plaintiff—the complaint, various letters and exhibits. Federal courts cannot issue orders acknowledging the receipt of every document, but the court understands that the plaintiff wanted the court to know that she disagreed with the defendant's positions on her claims. It is not unusual for a plaintiff and defendant to disagree with each other—that is why parties come to court.

The plaintiff's request for the court to appoint an expert witness would have been premature. In federal court, there are procedural rules that govern the steps parties to a lawsuit must take. The first step is that the defendant must "answer" the plaintiff's claims. The next step is for the court to set a schedule for the parties to exchange information about the claims. At that stage, if a party representing herself believes that an expert witness is necessary and she cannot afford one, she may ask the court to appoint one.

8

But at the time the plaintiff filed her request, the defendant had not yet answered, so her request would have been premature.

The plaintiff's three motions for summary judgment (Dkt. Nos. 24, 25 and 42) also would have been premature. After a defendant "answers" the complaint, a court sets a schedule for the exchange of documents and, after documents have been exchanged, the filing of summary judgment motions. The court had not yet set such a schedule when the plaintiff filed her motions.

As for the plaintiff's "Motion to Judge for a Decision or Order Ruling," dkt. no. 39, the court suspects that the plaintiff filed this motion because she had heard nothing from the court in the three months since she'd filed her lawsuit. The court regrets that it was not able to get to the defendant's motion to dismiss sooner. But federal court litigation is a time-consuming process. Some federal cases take years. The defendant filed the motion to dismiss on April 21, 2023 and the plaintiff filed her opposition brief April 25, 2023 (Dkt. No. 19); the defendant does not appear to have filed a reply in support of its motion. The court is issuing this ruling six months after the motion to dismiss was briefed.

Finally, the court notes that although this *federal* court does not have jurisdiction over the plaintiff's claims of negligence, malpractice and wrongful death, Wisconsin *state* courts do have jurisdiction over such claims, subject to the applicable statutes of limitation.

### IV. Conclusion

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 14.

9

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

The court **DECLINES TO RULE** on the plaintiff's motion for text only order. Dkt. No. 18.

The court **DECLINES TO RULE** on the plaintiff's motion to appoint an expert witness. Dkt. No. 21.

The court **DECLINES TO RULE** on the plaintiff's motion for order. Dkt. No. 39.

The court **DECLINES TO RULE** on the plaintiff's motions for summary judgment. Dkt. Nos. 24, 25, 42.

Dated in Milwaukee, Wisconsin this 16th day of October, 2023.

          **BY THE COURT:**

          **HON. PAMELA PEPPER**
          **Chief United States District Judge**